UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                          :
KATHRYN A. MILLER, et al.,                                :
                                                          :
                              Plaintiffs,                 :        25-CV-08384 (JAV)
                                                          :
            -v-                                           :        OPINION AND ORDER
                                                          :
MAHESH NAITHANI,                                          :
                                                          :
                              Defendant.                  :
-------------------------------------------------------------------X
JEANNETTE A. VARGAS, United States District Judge:

Plaintiffs initiated this action against Defendant Mahesh Naithani to enforce

the terms of a promissory note executed in April 2025.  ECF No. 1.  Plaintiffs have

now brought a motion for an order authorizing service by electronic means on

Defendant pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and

Section 308(5) of the New York Civil Practice Law and Rules.  ECF No. 15.  The

motion for alternative service by electronic means is GRANTED.

## BACKGROUND

Plaintiffs are co-executors of the Estate of Lewis A. Miller, their father (the

"Decedent").  ECF No. 15-1 ("Levinson Decl."), ¶ 1.  As memorialized in a

promissory note dated January 2, 2024, Decedent loaned Defendant the principal

amount of $300,000 to be repaid to Decedent by February 15, 2024.  *Id.*, ¶¶ 5-6;

ECF No. 15-2.  Plaintiffs alleged that Defendant failed to repay any part of the

principal amount or interest by the February 2024 due date and was in default on

the loan.  Levinson Decl., ¶ 7.  While Defendant made a single payment of $30,000

to Decedent in May 2024, Defendant allegedly failed to make any further payments to Decedent, or after his death, his Estate. *Id.*, ¶¶ 8, 11. After a series of email communications with Plaintiffs' counsel regarding collection of the defaulted loan, Defendant signed a new promissory note, dated April 30, 2025, with Plaintiffs, as co-executors of the Estate. *Id.*, ¶¶ 14-15; ECF No. 15-6. Defendant allegedly failed to comply with the terms of the April promissory note, commencing this action. Levinson Decl., ¶¶ 28-29.

Plaintiffs have made multiple, unsuccessful attempts to serve Defendant. Plaintiffs enlisted a process service in California, who attempted service at two addresses affiliated with Defendant. *Id.*, ¶¶ 32-33; ECF No. 15-12, 15-13. Following the unsuccessful attempts of service, Plaintiffs retained a private investigative service, who were also unable to locate the Defendant's residence. Levinson Decl., ¶¶ 34-35; ECF No. 15-14. Unable to serve the Defendant, Plaintiff Kathryn A. Miller had a telephonic conversation with the Defendant. ECF No. 15-18 ("Miller Decl."), ¶ 13. During the call, the Defendant informed her that he was currently located in California staying in an "Airbnb," but did not provide any viable residential address. *Id.*, ¶¶ 14-15.

## DISCUSSION

Under Rule 4(e)(1) of the Federal Rules of Civil Procedure, service of process upon an individual located within a judicial district of the United States may be effected "following state law . . . in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In New York, service of process may

2

be effected by: "(1) personal service; (2) delivery to 'a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served' and by either mailing the summons to the person to be served at his or her last known residence; (3) service on an agent; or (4) so-called 'nail and mail' service." *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 365 (E.D.N.Y. 2016); N.Y. C.P.L.R. §§ 308(1)-(4).  However, if these traditional methods of service prove "impracticable," service shall be made "in such manner as the court, upon motion without notice, directs." N.Y. C.P.L.R. § 308(5).  Specifically, "Section 308(5) requires a showing of impracticability of other means of service, but does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute.  The meaning of 'impracticability' depends upon the facts and circumstances of the particular case." *Fortunato v. Chase Bank USA, N.A.*, No. 11-CV-6608 (JFK), 2012 WL 2086950, at *1 (S.D.N.Y. June 7, 2012) (quoting *S.E.C. v. HGI, Inc.*, No. 99-CV-3866 (DLC), 1999 WL 1021087, at *1 (S.D.N.Y. Nov. 8, 1999) (citations omitted)).

Plaintiffs have demonstrated that it would be impracticable to serve the Defendant by traditional methods of service, as outlined in N.Y. C.P.L.R. §§ 308(1)-(4), as his current residence and location are unknown.  Plaintiffs have made a number of failed attempts to effect personal service at residences associated with the Defendant, and have exercised diligence in their search for an alternate residence where Defendant might be served, including by retaining an investigative

3

service.  Accordingly, the Court finds that traditional methods of service provided by Sections 308(1)-(4) are "impracticable" in this case.

In shaping a method of alternate service, the Court must bear in mind that "[c]onstitutional due process requires that service of process be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Philip Morris USA Inc. v. Veles Ltd.,* No. 06-CV-2988 (GBD), 2007 WL 725412, at *2 (S.D.N.Y. Mar. 12, 2007) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)).  Service by email comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant. *Id.* at *3 (authorizing service by email where plaintiff "amply demonstrated the high likelihood that defendants would receive and respond to email communications").

In Plaintiffs' Notice of Motion for an Order Authorizing Service by Electronic Means on Defendant, ECF No. 15, Plaintiffs attached multiple exhibits showing Defendant engaged in extensive email communications with Plaintiffs and Plaintiffs' counsel.  *See* ECF No. 15-5; 15-7 to 15-11; 15-15 to 15-17.  Defendant used the email addresses in question when communicating with Plaintiff and Plaintiffs' counsel from March 2025 to as recently as March 2026.  *See* ECF No. 15-5, 15-17. Plaintiffs have demonstrated a high likelihood that Defendant will receive emails sent to these addresses. Accordingly, service by email would comport with constitutional due process.

The Court, therefore, finds it appropriate in this instance to authorize service by electronic means on Defendant, pursuant to Rule 4(e)(1) and Section 308(5).

### CONCLUSION

For the foregoing reasons, Plaintiffs' motion seeking authorization for alternate service on Defendant is GRANTED pursuant to Rule 4(e)(1) and Section 308(5). Plaintiffs are ORDERED to email a copy of the summons and this Opinion and Order to the gmail.com and prism.science emails within thirty days of this Opinion and Order.

Plaintiffs have also requested an extension of time, pursuant to Rule 4(m), to effectuate service in light of this pending motion. ECF No. 18. The Court has previously granted an extension of time, until May 8, 2026, to complete service. ECF No. 17. In light of the Court's resolution of the instant motion, the motion for an extension of time is GRANTED, for good cause shown.

The Clerk of Court is directed to terminate ECF Nos. 15 and 18.

SO ORDERED.

Dated: April 30, 2026
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

5