**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Kathryn A. Miller and David C. Miller, as co-executors of the Estate of Lewis A. Miller, deceased et al.,**

**Plaintiffs,**

**-against-**

**Mahesh Naithani,**

**Defendant.**

**1:25-cv-08384 (JAV) (SDA)**

**ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

This is an action by Plaintiffs Kathryn A. Miller and David C. Miller, as co-executors of the New York-based Estate of Lewis A. Miller (the "Estate"), deceased (collectively, "Plaintiffs") to collect on a promissory note executed by Defendant Mahesh Naithani ("Defendant"), who is a citizen of the State of California, promising to pay a sum of money to the Estate. (*See* Compl., ECF No. 1, ¶¶ 3-4, 23, 29-33.) Pending before the Court for a report and recommendation is Plaintiffs' motion, pursuant to Rule 55 of the Federal Rules of Civil Procedure, for a default judgment against Defendant.[1] (Pls.' 7/31/26 Not. of Mot., ECF No. 31.)

"Because personal jurisdiction can be waived by a party, . . . a district court should not raise personal jurisdiction *sua sponte* when a defendant has appeared and consented, voluntarily or not, to the jurisdiction of the court." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010). "But when a defendant declines to appear, a plaintiff generally

[1] On June 5, 2026, Judge Vargas referred to the undersigned for a report and recommendation Plaintiffs' motion for a default judgment. (*See* 6/5/26 Order of Ref., ECF No. 24.)

proceeds by means of a motion for default judgment . . . and . . . before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant[.]" *Id*.

"Where, as here, the issue of personal jurisdiction arises in a diversity action, a district court's inquiry is two-fold: first, it must determine whether the plaintiff has shown that the defendant is 'amen[]able to service of process' under the forum state's laws; and second, it must 'assess whether the court's assertion of jurisdiction under these laws comports with the requirements of due process.'" *R4 GL Acquisition LLC v. Glorieta LLC*, No. 25-CV-00944 (NRB), 2026 WL 579181, at *5 (S.D.N.Y. Mar. 2, 2026) (quoting *Met. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996)).

With respect to the first part of the Court's inquiry, New York's long-arm statute, N.Y. C.P.L.R. § 302, provides for personal jurisdiction over non-domiciliary defendants in a limited number of circumstances. Section 302(a)(1) provides for jurisdiction if (a) the defendant transacted business in New York and (b) the claim arises from that business activity. *See Int'l Customs Assocs. v. Ford Motor Co.*, 893 F. Supp. 1251, 1259 (S.D.N.Y. 1995) (citing *CutCo Indus. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986)). Section 302(a)(2) provides for jurisdiction if the defendant commits a tort within the state, but only if the defendant "was physically present in New York when he performed the wrongful act." *Bensusan Restaurant Corp. v. King*, 126 F.3d 25, 28 (2d Cir. 1997). Section 302(a)(3) provides for jurisdiction for torts that occur outside of New York, but only if the defendant "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state." N.Y. C.P.L.R. § 302(a)(3).

In light of the Complaint allegations, the Court assumes that Plaintiffs will assert jurisdiction under § 302(a)(1). To find that it has jurisdiction under § 302(a)(1), a court must conclude that the defendant transacted business in New York. *See Shalik v. Coleman*, 111 A.D.3d 816, 817 (2d Dep't 2013). Although transacting business does not require physical presence, it does require "purposeful availment" of the forum, demonstrated when either "the locus of contracting or performance is New York or the defendant projects itself into New York for the purpose of creating a business relationship." *Madison Capital Mkts., LLC v. Starneth Europe B.V.*, No. 15-CV-07213 (RWS), 2016 WL 4484251, *9 (S.D.N.Y. Aug. 23 2016) (citing *Agency Rent a Car Sys. v. Grand Rent a Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996)).

With respect to the second part of the Court's inquiry, to satisfy the due process requirement for personal jurisdiction, the Court must determine whether a party has sufficient "minimum contacts" with the jurisdiction. *See Met. Life Ins. Co.*, 84 F.3d at 567 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). What constitutes sufficient minimum contacts differs depending on whether the plaintiff alleges the court has general or specific personal jurisdiction over the defendant. *See Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014).

New York's rule of general personal jurisdiction authorizes New York Courts to "exercise [general] jurisdiction over persons," N.Y. C.P.L.R. § 301, whose "affiliations with the State [of New York] are so 'continuous and systematic' as to render them essentially at home in" New York. *Goodyear Dunlop Tires Operations S.A. v. Brown*, 564 U.S. 915, 919 (2011). General personal jurisdiction may be exercised over non-domiciliary defendants, but as the United States Supreme Court's decision in Goodyear makes clear, "the paradigm forum for the exercise of general jurisdiction [over an individual] is the individual's domicile[.]" *Goodyear*, 564 U.S. at 924; *see also*

*Daimler AAG v. Bauman*, 571 U.S. 117, 137 (2014) ("only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there"). Because the "'continuous and systematic' test of [N.Y. C.P.L.R. § 301] is not as broad as the 'minimum contacts' test of the due process clause, the exercise of jurisdiction over a foreign defendant under [N.Y. C.P.L.R. § 301] ordinarily comports with due process[.]" *M'Baye v. World Boxing Ass'n*, 429 F. Supp. 2d 652, 658 (S.D.N.Y. 2006).

Specific jurisdiction, by contrast, only comports with due process if the Defendant "avails [himself] of the benefits of the forum, has sufficient minimum contacts with it, and should reasonably expect to defend [his] actions there . . . even if [the defendant is] not present in that State." *Moneygram Payment Systems, Inc. v. Consorcio Oriental, S.A.*, No. 05-CV-10773 (RMB), 2007 WL 1489806, at *6 (S.D.N.Y. May 21, 2007). The Court's evaluation of reasonableness under the Due Process clause focuses on the following five factors: "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *Met. Life Ins. Co.*, 84 F.3d at 568 (citation omitted).

In the present case, the Court has serious doubts regarding whether personal jurisdiction exists over Defendant under N.Y. C.P.L.R. § 302(a)(1). *See Fabius v. Sada*, No. 18-CV-06359 (JS) (SIL), 2022 WL 1004190, at *4 (E.D.N.Y. Mar. 31, 2022) (vacating default judgment and dismissing action where New York plaintiff sued Florida defendants on promissory note executed in Florida); *Shalik v. Coleman*, 111 A.D.3d 816, 818 (2d Dep't 2013) (dismissing action for lack of personal

jurisdiction, finding that South Carolina-based defendant's acts in executing promissory note that provided it should be governed by New York law, engaging in telephone and e-mail communications with New-York based plaintiff and mailing payments due on note to plaintiff's office in New York, were not purposeful acts constituting transacting of business in New York). The Court also has serious doubts that exercising personal jurisdiction over Defendant will comport with due process.

Accordingly, no later than September 8, 2026, Plaintiffs shall file a supplemental memorandum addressing whether this Court has personal jurisdiction over Defendant under New York law and the U.S. Constitution. The supplemental memorandum shall be served by email upon Defendant and proof of such service shall be filed to the ECF docket no later than September 8.

**SO ORDERED.**

Dated: New York, New York
August 22, 2026

Stewart d. Aaron
______________________________
**STEWART D. AARON**
**United States Magistrate Judge**