UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHRYN A. MILLER and DAVID C. MILLER, as co-executors of the Estate of Lewis A. Miller, deceased et al., Plaintiffs, -v- MAHESH NAITHANI, Defendant. | 25-CV-08384 (JAV) (SDA) <br> ORDER ADOPTING REPORT AND RECOMMENDATION |

JEANNETTE A. VARGAS, United States District Judge:

On October 9, 2025, Plaintiffs Kathryn A. Miller ("Kathryn") and David C. Miller ("David"), as co-executors of the Estate of Lewis A. Miller (the "Estate"), deceased (collectively, "Plaintiffs"), brought this action, seeking damages in the amount of $312,000.00, together with interest from August 31, 2025, under various legal theories. See ECF No. 1 ("Compl.") ¶¶ 29-52. . On June 5, 2026, the Court referred this action to Magistrate Judge Stewart D. Aaron for general pretrial supervision and to prepare a Report and Recommendation with respect to Plaintiff's motion for default judgment and to conduct an inquest on damages. ECF No. 24. On July 31, 2026, Plaintiffs filed a motion for default judgment, pursuant to Rule 55 of the Federal Rules of Civil Procedure, against Defendant Mahesh Naithani ("Defendant" or "Naithani"). ECF No. 31. In the Report and Recommendation filed on September 17, 2026, Magistrate Judge Aaron recommended that the Plaintiffs' motion be GRANTED. ECF No. 38 ("R&R").

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Conclusory or general objections that merely refer the district court to previously filed papers or arguments do not constitute proper objections under Rule 72(b). *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022). To accept those portions of the report to which no timely or proper objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record. *See id.* at 120 & n.4.

In the present case, the Report and Recommendation advised that Plaintiffs had fourteen days from service of the Report and Recommendation to file any objections and warned that failure to timely file such objections would result in waiver of any right to object. R&R at 16. In addition, the Report and Recommendation expressly called Defendant's attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *Id.* Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Defendant has waived the right to object to the Report and Recommendation or to obtain appellate review. *See Miller*, 43 F.4th at 120.

Despite the waiver, the Court has reviewed the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be thorough, well-reasoned, and grounded in fact and law. Having found no errors, the Court **ADOPTS** the Report and Recommendation in its entirety.

## CONCLUSION

For the foregoing reasons, the R&R is ADOPTED in full. The default judgment motion is GRANTED, and Plaintiffs are awarded damages of $312,000.00, along with prejudgment

interest at the rate of $2,000.00 per month from April 30, 2025, until judgment is entered; $58,772.50 in attorneys' fees; and $12,906.49 in costs.

The Clerk of Court is directed to terminate ECF No. 31, to enter judgment for Plaintiffs consistent with this Order, and to close the case.

SO ORDERED.

Dated: November 6, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge